UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

CHAMBERS OF
GARRETT E. BROWN, JR.
JUDGE

RECEIVED
MAY 4 2005
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**LETTER OPINION**

May 2, 2005

David A. Cohen
Saiber Schlesinger Satz & Goldstein, LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
*Attorney for Plaintiff*

RE: DIRECTV, Inc. v. Robert F. Wordelmann, *et al.*
Civil Action No. 03-CV-5608 (GEB)

Dear Counsel:

This matter comes before the Court upon plaintiff DIRECTV's ("Plaintiff" or "DIRECTV") motion for final judgment by default against defendant Darren Hepburn ("Defendant"). Defendant was served with the summons and complaint, but failed to answer or otherwise respond to the complaint. On DIRECTV'S motion, the Clerk of the Court entered default against Defendant for failure to appear in the action. DIRECTV then filed the instant motion for final judgment by default. The Court, having considered Plaintiff's submission and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78, finds as follows:

DIRECTV alleges that Defendant violated the Federal Communications Act of 1934 ("Communications Act"), as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("Privacy Act"), 18 U.S.C. §§ 2510-2521, by illegally purchasing, using and/or selling devices that intercept DIRECTV's programming. Plaintiff requests injunctive relief under both statutes. However, Plaintiff only seeks damages under Section 2520 of the Privacy Act, foregoing the damages available under Section 605 of the Communications Act. Under

Section 2520(c)(2), if the Court finds that damages are appropriate, it may award the greater of actual or statutory damages. Statutory damages "is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2) (2005). In contrast, under Section 605, if the Court chooses to assess damages, it must impose an award not less than $1,000 and no more than $10,000. 47 U.S.C. § 605(e)(3)(B) (2005). The Court has broad discretion to fix damages within that range. See generally DIRECTV, Inc. v. Cain, 2005 U.S. Dist. LEXIS 7404, *2 (D.N.J. April 20, 2005) (citations omitted). In the present case, Defendant allegedly purchased and used illegal equipment for the purpose of viewing DIRECTV's programming in his home. DIRECTV requests $10,000 in statutory damages under Section 2520.

The Court notes that these motions are nothing new in this District. DIRECTV has been plagued by the proliferation of companies engaged in the sale of illegal equipment that unscrambles their signal and allows users to view their programming for free. With the assistance of law enforcement authorities, DIRECTV has engaged in an aggressive campaign designed to identify the manufacturers and distributors of pirate access devices and the individuals purchasing them and recover lost revenue via legal actions. In DIRECTV v. DeCroce, 332 F. Supp. 2d 715 (D.N.J. 2004), the Honorable Katharine S. Hayden, U.S.D.J., observed that "these lawsuits are often either quickly settled for unspecified sums or [as is the case here] . . . presented in the context of a default judgment application . . . that does not subject DIRECTV's claims to the rigors of the adversary system." DeCroce, 332 F. Supp. 2d at 717.

Here, DIRECTV submits that it is entitled to $10,000 in statutory damages under Section 2520 and declines to pursue damages under Section 605. Recently, the Honorable William J. Martini, U.S.D.J., encountered this same situation and addressed DIRECTV's failure to pursue

damages under Section 605. See Cain, 2005 U.S. Dist. LEXIS 7404 at 3-7. In Cain, the defendant also allegedly purchased a pirate access device for viewing DIRECTV's programming in his home. Like here, DIRECTV sought $10,000 in statutory damages plus attorneys' fees and costs under Section 2520 and did not request damages under Section 605. The court expressed concern that in such situations, statutory damages may "unjustifiably exceed the goals of compensation and punishment and provide plaintiff with a windfall." Cain, 2005 U.S. Dist. LEXIS 7404 at *4-5 (citing DIRECTV, Inc. v. Brown, 371 F.3d 814, 819 (11th Cir. 2004) (concluding that the district court did not abuse its discretion when denying damages under § 2520 and characterizing a liquidated damages award under § 2520(c)(2) as potentially being "gratuitous").

At oral argument, the court "pressed . . . why DIRECTV [sought] monetary damages under § 2520 instead of § 605 . . ." Id. at 3-4. "[P]laintiff responded by arguing that the Court should impose a sanction of $10,000, rather than a potentially lesser sanction under § 605, for both compensatory and punitive reasons." Id. at 4. In its letter opinion, the court opined that a $10,000 statutory damage award under Section 2520 would represent a windfall to the Plaintiff under those facts. The court emphasized that the defendant's true culpability must be evaluated when determining an appropriate damages award. Further, the Court stressed that "the proposition that at least $10,000 is required to accomplish the complimentary goals of compensation and punishment is belied by the fact that Congress has spoken on the matter in the form of § 605 and determined that those goals may be fulfilled with a lesser monetary sanction." Id. at 5. Therefore, the court denied DIRECTV's request for damages under Section 2520. However, the court noted that an award between $1,000 and $10,000 under Section 605 would be

more fitting. Thus, the court stated that it would "consider granting a damages award [under Section 605] upon plaintiff's timely submission of an appropriate motion for such relief." Id. at 6.

This Court finds Cain instructive. Here, like in Cain, Defendant purchased a pirate access device for the sole purpose of viewing DIRECTV's programming in his home. An award of $10,000 would unjustifiably exceed the goals of compensation and punishment and provide Plaintiff with a windfall. Therefore, this Court denies Plaintiff's motion for damages under Section 2520. However, the Court would consider an appropriate motion under Section 605. Therefore, this Court will grant Plaintiff ten (10) days leave to file a new motion for damages under Section 605.

The Court will grant Plaintiff's request to permanently enjoin Defendant from committing or assisting in the commission of any violation of Section 605 and Sections 2511 and 2512. The Court will also consider Plaintiff's request for attorneys' fees and costs upon timely submission of an appropriate affidavit of services and bill of costs that comport with Local Civil Rules 54.1 and 54.2.

An appropriate Order accompanies this Letter Opinion.

GARRETT E. BROWN, JR., U.S.D.J